UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1328(DSD/AJB)

Twin City Pipe Trades Service
Association, Inc., a Minnesota
non-profit corporation,

        Plaintiff,

v.                                                **ORDER**

Franke Mechanical LLC, a
Minnesota limited liability
company,

        Defendant.

This matter is before the court upon the motion for contempt sanctions by plaintiff Twin City Pipe Trades Service Association, Inc. (Twin City Pipe). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This matter arises out of the nonpayment of employee benefits under the Employee Retirement Income Security Act by defendant Franke Mechanical LLC. On June 6, 2012, Twin City Pipe filed suit, alleging that Franke Mechanical failed to submit fringe benefit contributions. The summons and complaint were served on Nicole Franke, a co-owner of Franke Mechanical, on June 8, 2012. See ECF No. 2. Franke Mechanical did not answer the complaint, and Twin City Pipe filed an Application for Entry of Default on July, 10,

2012. See ECF No. 3. Thereafter, on September 28, 2012, the court entered a default judgment in favor of Twin City Pipe, ordering, among other things, that Franke Mechanical produce business records that reflect the work performed by its employees for calendar years 2011 and 2012. See ECF No. 13, at ¶ 5. The September 28, 2012, order was served on Joel Franke, a co-owner of Franke Mechanical, on October 5, 2012. See ECF No. 15.

Franke Mechanical failed to comply with the September 28, 2012, order, and the court issued an order to show cause as to why Franke Mechanical, Nicole Franke and Joel Franke should not be held in contempt of court. See ECF No. 19. Twin City Pipe contemporaneously filed a motion for contempt sanctions. See ECF No. 20. A hearing was set for January 25, 2013, and Franke Mechanical failed to appear.

## DISCUSSION

"[I]t is firmly established that the power to punish for contempt[] is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (citation and internal quotation marks omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chi. Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citation omitted). Civil contempt charges, either by

way of incarceration or fine, may be employed to coerce compliance with a court order. Id. Moreover, "[i]t is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." Id. at 507.

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." Id. at 505 (citation omitted). "At that point, the burden ... shift[s] to the [defendant] to show an inability to comply." Id. (citation omitted).

In the present action, Twin City Pipe has proven that Franke Mechanical violated the September 28, 2012, order by not producing documents relating to the work performed by its employees in 2011 and 2012. Twin City Pipe has also shown that Nicole and Joel Franke, as owners and officers of Franke Mechanical, had notice of, and thus, a responsibility to comply with the court's September 28, 2012, order. See Cumming Aff. ¶ 10. As a result, the burden shifted to Franke Mechanical to show an inability to comply with the order. Franke Mechanical did not enter an appearance, submit any materials to the court or appear at oral argument. Therefore, Franke Mechanical has not met its burden, and the court holds it, Nicole Franke and Joel Franke in contempt of court.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for contempt sanctions [ECF No. 20] is granted;

2. The United States Marshal shall serve this order on nonparties Nicole and Joel Franke, at their principal place of business at 1472 Oakdale Avenue, West St. Paul, MN 55118, as soon as practicable;

3. Defendant Franke Mechanical and nonparties Nicole and Joel Franke have until 10:00 am on February 4, 2013, to purge themselves of this contempt order, by producing for plaintiff all business records that reflect work performed by Franke Mechanical employees in 2011 and 2012;

4. If defendant Franke Mechanical and nonparties Nicole and Joel Franke fail to purge themselves of contempt as ordered herein:

    a. The Clerk of Court for the District of Minnesota shall issue a bench warrant for the immediate arrest of Nicole and Joel Franke; and

    b. The United States Marshal shall forthwith attempt to execute the said warrant and shall as soon as practicable deliver up Nicole and Joel Franke before the undersigned; and

5. Plaintiffs shall be entitled to an award of attorneys' fees incurred in connection with this motion.

Dated: January 25, 2013

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court